## THE V-14813.

### SELF et al. v. CENTRAL STATION EQUIPMENT CO.

### No. 6721.

Circuit Court of Appeals, Fifth Circuit.

June 15, 1933.

Burton G. Henson, of Tampa, Fla., for appellants.

Geo. P. Raney, of Tampa, Fla., for appellees.

Before BRYAN, FOSTER and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant filed a libel in rem against the tug V-14813 and a barge on which was a pile driver, to recover for labor and materials used in repairing the vessels. Appellee claimed the vessels but did not object to the jurisdiction of the court in admiralty. The case was referred to a commissioner to ascertain the damages, and he reported, recommending a decree in the amount of $502.67, with interest from August 4, 1929. No exceptions were taken to the report, but in oral argument counsel for the respondent raised the question as to whether the court had jurisdiction in admiralty.

As appears from the recitals of the decree, the District Court found that the repairs were ordered by the owners of the vessels; that appellants transported their employees and electrical welding apparatus from Manatee, Fla., to Fort Myers, Fla., and made certain necessary repairs to the engines of the tug and the boilers of the barge; that just previous to and at the time the repairs were furnished the barge was laid up; that theretofore it had been engaged in transporting the pile driver, which was fastened on the barge, and wooden and concrete piling and other materials from the shore of the Caloosahatchee river, out into the river, for the purpose of constructing a bridge across the river; that the barge was navigable and the river was navigable at the bridge; that, after the repairs were furnished, the barge was again used for a while in the construction of the bridge and was thereafter navigated by ocean voyage back to the port of Tampa, from which place it had originally been taken to the place where used on the river near Fort Myers.

The court reached the conclusion on the facts found that the barge was not engaged in a maritime venture at the time the repairs were made and therefore the court was without jurisdiction to render a decree in rem against her. A decree was entered against the tug for the repairs to her, together with the cost of bringing the equipment from Manatee, a total of $37.50, with interest at 8 per cent. per annum from August 4, 1929. The balance of the claim, for repairs to the barge, was rejected.

A barge having no means of self-propulsion but employed upon navigable waters, is a vessel subject to the admiralty jurisdiction of the United States courts. The Robert W. Parsons, 191 U. S. 17, 24 S. Ct. 8, 48 L. Ed. 73. A contract for repairing a vessel, made by the owner, is a maritime contract

creating a lien upon the vessel enforceable in rem. It is immaterial that she is laid up at the time. North Pac. S. S. Co. v. Hall Bros. Co., 249 U. S. 119, 39 S. Ct. 221, 63 L. Ed. 510. There are many cases holding that a dredge, or a barge with a pile driver, employed on navigable waters, is subject to maritime jurisdiction, but we need not review them. A distinction is made where the supplies are furnished for the benefit of the owner, and not for the vessel, and she is not at the time employed in a maritime venture. In such cases a lien on the vessel is denied. J. C. Penney-Gwinn Corporation v. McArdle (C. C. A.) 27 F.(2d) 324, 59 A. L. R. 1342. However, the last-cited case and others to the same effect have no application to the facts here disclosed. We need not consider whether the building of the bridge was a maritime enterprise. The repairs were for the benefit of the vessel. At the time they were furnished she was not engaged in any venture at all. She was capable of navigation and on navigable waters when the repairs were made. Nothing is shown to take the case out of the general rule. There is no doubt that appellant was entitled to a lien on the barge as well as the tug.

The judgment appealed from is reversed, and the case is remanded, with instructions to enter judgment for libelant in the amount found by the commissioner with interest at 8 per cent. per annum from August 4, 1929, until paid, appellee to pay costs in both courts.

Reversed and remanded.