# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30789
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2020

Lyle W. Cayce
Clerk

TODD NOVAK; KATE NOVAK,

     Plaintiffs - Appellants

v.

JENNY TILBURY; MICHAEL TILBURY,

     Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-6835

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In this diversity action, Plaintiffs Todd and Kate Novak filed suit against Defendants Michael and Jenny Tilbury, alleging negligent and intentional misrepresentation regarding defects in the condominium the plaintiffs purchased from the Tilburys. Because we determine the district court erred in dismissing the Novaks' claims against the Tilburys for negligent and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30789

intentional misrepresentation of redhibitory defects in the purchased property, we AFFIRM IN PART, VACATE IN PART, and REMAND for further proceedings.

## I.  BACKGROUND

The Novaks purchased a one-bedroom condominium in New Orleans from the Tilburys, through the Tilburys' listing agent, in March 2015. The Novaks, schoolteachers living in California, planned to spend their summers in New Orleans and rent out the condominium the other nine months during the school year. The condominium was one of five in the St. Maxent-Wimberly House Condominiums complex ("St. Maxent"). When asked before the sale if there were any defects in the property, the Tilburys marked "no" on the Property Disclosure Form.

The Novaks' plans to lease their condominium never came to fruition. Soon after completing the sale, the Novaks learned that in 2006, St. Maxent's Homeowners' Association (HOA) had changed the minimum lease length from six months to one year—a change the Novaks alleged highlighted rampant managerial dysfunction within the condominium association. The Novaks also claimed to have discovered redhibitory (latent) defects in the condo, citing to a 2011 engineering report and a report the Novaks commissioned a year after their purchase. They subsequently filed suit against their real estate agent, St. Maxent, St. Maxent's board members in their individual capacity, the Tilburys, the Tilburys' real estate agent, and the insurance companies. Their claims against all defendants except the Tilburys were dismissed after settlement or summary judgment. The remaining claims against the Tilburys are now before us on appeal.

The Novaks argued that the Tilburys made negligent and intentional misrepresentations by failing to disclose St. Maxent's alleged "managerial disarray" and by obscuring the condominium's redhibitory defects. They also

2

No. 19-30789

brought a claim of detrimental reliance.[1] Both parties submitted motions for summary judgment, and the district court granted summary judgment in favor of the Tilburys. It found that the Tilburys had no personal knowledge of the condominium's alleged mismanagement, nor did they have knowledge of the redhibitory defects. The Novaks timely appealed.

## II.  DISCUSSION

We review a grant of summary judgment de novo. *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

### A.  Negligent and Intentional Misrepresentation

For a plaintiff to recover under a negligent misrepresentation theory, Louisiana law dictates that "there must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage." *Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1015 (La. 1993). Intentional misrepresentation, which amounts to fraud, occurs when there is a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." LA. CIV. CODE ANN. art. 1953; *see also Shelton v. Standard / 700 Assocs.*, 2001-0587 (La. 10/16/01), 798 So. 2d 60, 64.

---

[1] The Novaks also accused the Tilburys of violating Rule 10b-5 of the Securities and Exchange Commission in selling them the condominium. The district court granted summary judgment for the Tilburys on this claim, and it is not on appeal before this court.

### 1. Managerial Disarray

The Novaks first argue that the Tilburys intentionally misrepresented the HOA's state of affairs by failing to inform them of the alleged "disarray." Yet they point to no evidence showing that the Tilburys sought to hide the HOA's managerial dealings. The Novaks cite to an email thread dated October 2015, when the Tilburys' real estate agent, discussing the Novaks' struggles with the HOA, remarked, "I'm glad we got you guys out of there!" Jenny Tilbury replied, "They ought to sue him [a St. Maxent board member]. He is required by the by-laws to disclose that information." But nothing about these emails—sent months after the sale was completed—suggests the Tilburys intentionally hid information from the Novaks before the sale.

The Novaks' negligence claim also fails. The Novaks argue that the Tilburys withheld important HOA documents, including financial certificates and the revised bylaws that forbid nine-month leases. They rely on § 9:1124.107 of the Louisiana Condominium Act (LCA), which requires unit owners provide these documents.

The district court held that a plaintiff may not seek damages under a negligent misrepresentation theory for a unit seller's noncompliance with the LCA. Section 9:1124.107(C) explains that the consequence of non-compliance is that "the contract to purchase is voidable by the purchaser until a certificate has been provided and for five days thereafter or until conveyance, whichever first occurs." The court stressed that this language makes no reference to damages, and that it actually discourages other remedies by stating that a "unit owner is not liable to a purchaser for the failure or delay of the association to provide the certificate in a timely manner." § 9:1124.107(C).

The district court is correct that the LCA's language prevents the Novaks from arguing months after the sale that they were not provided financial certificates. The remedy was clear: they could have voided the contract, and

they chose not to. With respect to the bylaws, however, the Novaks do not allege that the Tilburys failed to provide a copy but rather an *accurate* copy, a fact they only discovered months after the sale. The LCA cannot be read as forbidding a claim for negligent misrepresentation in this instance.

Even so, the Novaks' claim still fails. As the Novaks argued in their lawsuit against St. Maxent, the bylaws were not properly amended in 2006 because the amendment was not filed in Orleans Parish's conveyance records as required by law. The district court agreed, concluding that the amendment was not properly filed until April 2016. Because the amendment was unrecorded, the Tilburys were not negligent for failing to provide the Novaks the amended bylaws. Summary judgment was therefore appropriate on this claim.

### 2. Redhibitory Defects

The Novaks also argue the Tilburys negligently and intentionally represented that the condominium had no redhibitory defects. The district court held that the Novaks waived their claims during the purchase and failed to show the Tilburys knew of any alleged defects and purposefully lied on their disclosure form. Indeed, a buyer may waive redhibitory defects, so long as the waiver is clear, unambiguous, and brought to the buyer's attention. LA. CIV. CODE ANN. art. 2548. But if the seller "has declared that the thing has quality that he knew it did not have," thereby intentionally committing fraud, the buyer is not bound by the waiver. Art. 2548; *see Shelton*, 798 So. 2d at 64.

Louisiana's Residential Property Disclosure Act requires that sellers of real property answer questions about defects by checking boxes marked "yes" (a defect exists), "no" (a defect does not exist), and "no knowledge" (the seller does not know whether a defect exists). LA. STAT. ANN. § 9:3198. "A seller shall not be liable for any error, inaccuracy, or omission of any information required to be delivered to the purchaser in a property disclosure document" if the error

"was not a willful misrepresentation according to the best of the seller's information, knowledge, and belief." LA. STAT. ANN. § 9:3198(E).

The Louisiana Supreme Court, however, added an important exception to this rule in *Valobra v. Nelson*, 2014-164 (La. 4/11/14), 136 So. 3d 793, 794 (per curiam). There, the sellers relied on Article 2548 to argue the buyers failed to state a claim alleging redhibitory defects, because the buyers had waived any such claim and the sellers were never in a position to know of any defects. The buyers stressed that the sellers failed to advise them that they were not in a position to know one way or another whether there were defects and, in checking "no," intentionally misled them into believing that there were in fact no defects. *Id.* The supreme court agreed with the buyers: the sellers could not avoid their representation of no defects by claiming "we really didn't know." *Id.* The court held that a seller cannot "represent a thing to have no defects in order to procure a waiver of redhibition and then claim that they were not in a position to know whether there were defects or not . . . while using the waiver of redhibition to require the buyer to prove actual knowledge of the defect by the seller." *Id.* at 795. Thus, despite the apparent tension with § 9:3198(E), the Louisiana Supreme Court allowed a buyer to bring a claim for redhibitory defects when a seller incorrectly attested that there were no defects on the property disclosure form rather than claiming "no knowledge"—regardless of whether the seller believed the disclosure to be true.[2]

The district court was correct that the Novaks have shown no evidence that the Tilburys knew of any alleged redhibitory defects when they selected "no." Indeed, nothing suggests the Tilburys had access to the 2011 engineering

---

[2] In response to *Valobra*, the Louisiana Real Estate Commission's Standardized Forms Committee removed all "no" response check boxes on the form on March 1, 2018. *See Effect of the Property Disclosure Document*, 1 LA. PRAC. REAL EST. § 10:107 (2d ed.). The Commission further revised the form on January 1, 2020. *See* Form § 9:123. The forms in this matter, however, predate the revisions.

report St. Maxent commissioned that allegedly revealed defects; the Tilburys only bought the condominium in 2013 and never served on the HOA. Nevertheless, *Valobra* makes clear that by marking "no" on their property disclosure form, the Tilburys cannot now rest on their genuine lack of knowledge to avoid any liability for intentional misrepresentation. Because the district court granted summary judgment on the narrow ground that the Tilburys lacked any knowledge of redhibitory defects, we vacate summary judgment on this claim. As the parties have not yet fully litigated whether there were, in fact, any redhibitory defects prior to the condominium's sale, we remand for further proceedings.[3]

## B. Detrimental Reliance

The Novaks also brought a claim of detrimental reliance with regard to the Novaks' Property Disclosure document. Detrimental reliance requires "(1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Luther v. IOM Co. LLC*, 2013-0353 (La. 10/15/13), 130 So. 3d 817, 825; *see* LA. CIV. CODE ANN. art. 1967. The Novaks contend that the Tilburys misrepresented the property's condition by checking "no," and that they justifiably relied on that.

Again, *Valobra* dictates that the Tilburys cannot maintain ignorance to avoid liability, their waiver notwithstanding. Since the district court dismissed this claim on the narrow grounds that the Novaks made no knowing misrepresentations, we vacate and remand this claim so that the parties may litigate whether the Novaks have demonstrated justifiable reliance and whether they changed their position to their detriment as a result.[4]

---

[3] The parties in the district court did not join issue on what, if any, defects actually existed that made the property unsuitable for use, and the district court made no ruling on the issue.

[4] It is, of course, clear that there can be no double recovery based on a claim of negligent or intentional misrepresentation and detrimental reliance. *See Albert v. Farm*

No. 19-30789

## III. CONCLUSION

For the reasons stated above, we AFFIRM IN PART the district court's grant of summary judgment on claims for negligent and intentional misrepresentation of alleged managerial disarray. We VACATE IN PART the grant of summary judgment on claims for intentional and negligent misrepresentation of redhibitory defects and detrimental reliance, and REMAND for further proceedings.

---

*Bureau Ins. Co.*, 2005-2496 (La. 10/17/06), 940 So. 2d 620, 622 ("Louisiana law does not allow for double recovery of the same element of damages.").