# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 10, 2021

Lyle W. Cayce
Clerk

No. 20-40365

Dustin Dean; Lori Dean,

*Plaintiffs—Appellants*,

*versus*

Crosscountry Mortgage, Incorporated; Federal National Mortgage Association; Dovenmuehle Mortgage, Incorporated,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-705

Before Davis, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

Dustin and Lori Dean brought this suit to reverse Crosscountry Mortgage's June 2018 foreclosure of their property in Prosper, Texas. The district court granted summary judgment to Crosscountry. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40365

When the Deans fell behind on their mortgage payments, Crosscountry sent them a Notice of Breach by letter dated December 15, 2017, warning their loan would be accelerated unless they paid the past-due amount, $6,889.75, by January 24, 2018. They made no payment by this deadline. Crosscountry sent a Notice of Acceleration on April 17, 2018, foreclosed on the property, and sold it to Fannie Mae on June 5, 2018.

The Deans dispute none of this. They instead argue that events between the January 24 deadline and the June 5 foreclosure sale should have prevented the sale from going forward. First, they claim Crosscountry told them in February that the amount due was $6,757.56; that they immediately overnighted a check in this amount to Crosscountry; and that Crosscountry returned this payment as insufficient, contrary to its alleged oral representation. Second, they say a Crosscountry representative advised them in March to pursue a loan modification to stave off foreclosure until they could bring their account up to date. But they claim the requested modification materials didn't arrive until after the April acceleration, and that Crosscountry delayed acting on their application until it was too late to stop the sale. They argue that both of these circumstances made Crosscountry's foreclosure unlawful under various legal theories, including breach of contract and violations of the Texas Debt Collection Act (TDCA), *see* Tex. Fin. Code § 392.304(a)(3).[1]

We review summary judgment *de novo*, construing all evidence in favor of the nonmoving party. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[1] The Deans also made a due process claim in the district court but have abandoned it on appeal.

No. 20-40365

judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the non-movant bears the burden of proof at trial, as here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *La. Crawfish*, 852 F.3d at 462.

Because they do not dispute nonpayment as of the January 24 deadline, the Deans' claims depend on a triable issue arising from their later communications with Crosscountry.[2] But they allege, at most, attempted oral modifications of the loan agreement, which are unenforceable under the Texas Statute of Frauds. *See* Tex. Bus. & Com. Code § 26.02(b). For instance, their breach of contract claim depends on a Crosscountry representative's alleged oral description of the arrearage amount, one different from the amount in the written Notice of Default. Their other common-law claims based on Crosscountry's alleged failure to comply with the Deed of Trust fail for the same reason. Finally, as we recently held, the Statute of Frauds bars considering an alleged oral modification of a loan agreement under the TDCA. *See Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 375–77 (5th Cir. 2021).

The Deans argue the Statute of Frauds does not apply given their "partial performance" of the oral agreement. This argument fails. "Under the partial performance equitable exception, an oral agreement that does not

---

[2] The Deans separately argue that as of January 4, 2018, they had funds in a suspense account with Crosscountry, which could have combined with their late payment to cure their default. Pointing only to a line in a payment history record containing the word "suspense," they do not explain how this evidence shows there were funds that could have been applied to their balance, either on January 4 or by the time they submitted a late payment. Furthermore, even assuming this credit was available to help cure default, the Deans' partial payment was still late, giving Crosscountry the right to accelerate as of January 24.

No. 20-40365

satisfy the traditional statute of frauds but that has been partially performed may be enforced if denying enforcement would itself amount to a fraud." *Bank of Tex., N.A. v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App.—Dallas 2009, pet. dismissed w.o.j.). But "[t]he actions asserted to constitute partial performance must be 'unequivocally referable' to the alleged oral agreement and corroborate the existence of that agreement," meaning they "must be such as could have been done with no other design than to fulfill the particular agreement sought to be enforced." *Ibid.* (citation omitted). The Deans point to no actions that "unequivocally" refer to an alleged oral agreement to modify the loan. Neither paying toward the loan's outstanding balance nor preliminary efforts to seek modification of the loan unequivocally suggests the existence of an oral agreement.

AFFIRMED.