# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2021

Lyle W. Cayce
Clerk

No. 20-30700
Summary Calendar

TODD NOVAK; KATE NOVAK,

*Plaintiffs—Appellants*,

*versus*

JENNY TILBURY; MICHAEL TILBURY,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-6835

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

This case involves a redhibition claim related to the sale of a condominium. It returns to us after we remanded the case for the district court to determine whether there were, in fact, redhibitory defects on the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30700

property. Finding no redhibitory defects, the district court granted summary judgment in favor of Defendants. We AFFIRM.

## I. Background[1]

The Novaks purchased a one-bedroom condominium in New Orleans from the Tilburys, through the Tilburys' listing agent in March 2015. The Novaks, schoolteachers living in California, planned to spend their summers in New Orleans and rent out the condominium the other nine months of the year. The condominium was one of five in the St. Maxent-Wimberly House Condominiums complex ("St. Maxent"). When asked before the sale if there were any defects in the property, the Tilburys marked "no" on the Property Disclosure Form.

The Novaks' plans to lease their condominium never came to fruition. Soon after completing the sale, the Novaks learned that in 2006, St. Maxent's Homeowners' Association (HOA) had changed the minimum lease length from six months to one year—a change the Novaks alleged highlighted rampant managerial dysfunction within the condominium association. The Novaks also claimed to have discovered redhibitory (latent) defects in the condominium, citing to a 2011 engineering report and a report the Novaks commissioned a year after their purchase. They subsequently filed suit against their real estate agent, St. Maxent, St. Maxent's board members in their individual capacity, the Tilburys, the Tilburys' real estate agent, and the insurance companies. Their claims against all defendants except the Tilburys were dismissed after settlement or summary judgment.

The remaining claims against the Tilburys were initially dismissed on summary judgment and were the subject of the Novaks' prior appeal. The

---

[1] Much of the background facts of this case are taken verbatim from the court's previous opinion in this matter. *See Novak v. Tilbury*, 815 F. App'x 755 (5th Cir. 2020).

Novaks argued then that the Tilburys made negligent and intentional misrepresentations by failing to disclose St. Maxent's alleged "managerial disarray" and by obscuring the condominium's redhibitory defects. They also brought a claim of detrimental reliance.[2] The misrepresentation and detrimental reliance claims were based on the Tilburys' alleged failure to disclose redhibitory defects on the property by selecting "no" on a Property Disclosure Form regarding knowledge of defects on the property. The district court found that the Tilburys had no personal knowledge of the condominium's alleged mismanagement, nor did they have knowledge of the redhibitory defects.

We affirmed the district court's grant of summary judgment in part on the Novaks' claims of negligent and intentional misrepresentation of alleged managerial disarray.[3] We vacated and remanded the district court's judgment on the misrepresentation and detrimental reliance claims on the narrow ground that the Louisiana Supreme Court in *Valobra v. Nelson*[4] precluded defendants who check "no" on property disclosure forms[5] from later claiming a genuine lack of knowledge to avoid liability for intentional misrepresentation.[6] We specifically remanded the case for the parties to

---

[2] The Novaks also alleged the Tilburys violated Rule 10b-5 of the Securities and Exchange Commission in selling them the condominium. The district court granted summary judgment for the Tilburys on this claim, and this claim was not the subject of the prior appeal nor is it the subject of the present appeal.

[3] *Novak*, 815 F. App'x at 759.

[4] 136 So.3d 793 (La. 2014) (per curiam).

[5] *See* LA. STAT. ANN. § 9:3198(E) ("A seller shall not be liable for any error, inaccuracy, or omission of any information required to be delivered to the purchaser in a property disclosure document" if the error "was not a willful misrepresentation according to the best of the seller's information, knowledge, and belief.").

[6] *Novak*, 815 F. App'x at 759.

No. 20-30700

litigate whether there were, in fact, any redhibitory defects, and if so whether the Novaks demonstrated justifiable reliance and changed their position to their detriment as a result.[7]

On remand the district court found no genuine issue of material fact that the alleged defects in the property were not hidden, but rather open, obvious, and discoverable upon inspection, and that the defects did not exist at the time of sale. The district court also found that LA. STAT ANN § 9:3198 precluded negligent misrepresentation claims and detrimental reliance under the facts of this case.

## II. Discussion

We review a grant of summary judgment de novo.[8] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9]

The Novaks' misrepresentation and detrimental reliance claims are based on the Tilburys' failure to disclose redhibitory defects. Louisiana law provides, "The seller warrants the buyer against redhibitory defects, or vices, in the thing sold."[10] "A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect," or when it "diminishes its usefulness or its value so that it must be presumed that a

---

[7] *Id.*

[8] *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

[9] FED. R. CIV. P. 56(a).

[10] LA. CIV. CODE ANN. art. 2520.

No. 20-30700

buyer would still have bought it but for a lesser price."[11] A defect is not redhibitory when it is "known to the buyer at the time of sale" or when it "should have been discovered by a reasonably prudent buyer."[12] Additionally, "[t]he warranty against redhibitory defects covers only defects that exist at the time of delivery."[13] In other words, redhibition requires (1) a defect (2) that exists at the time of sale (3) that renders the thing useless or so inconvenient that the buyer would have either not bought it or paid much less for the thing, and (4) a defect of which the buyer was unaware (hidden).[14]

In evaluating whether there were redhibitory defects, the district court examined four inspection reports relied upon by the Novaks. First, the district court considered the Henry & Hatchett inspection report from February 2015. This inspection was done for the Novaks just prior to the sale. The district court correctly found that this report identifies only obvious defects that were discovered or should have been known to the Novaks right before the sale.[15]

In addition, the district court found that two reports, the Gurtler and Kotter reports, were based on inspections that took place at least one year after the sale of the property, and thus any defects that existed at the time of this inspection were not shown to have existed at the time of sale. We agree.

---

[11] *Id.*

[12] LA. CIV. CODE ANN. art. 2521.

[13] LA. CIV. CODE ANN. art. 2530.

[14] *See Stone Energy Corp. v. Nippon Steel*, 475 F. Supp. 3d 563, 571 (W.D. La. 2020).

[15] *See* LA. CIV. CODE ANN. art. 2521. The Henry & Hatchett report identified a junction box in the kitchen with no cover, a faulty GFCI socket, a missing vent cover in the bedroom, and a door that did not close properly.

No. 20-30700

The Gurtler inspection occurred on March 30, 2016, and the Kotter inspection occurred in the summer of 2017. The findings in these reports occurred more than one year after the March 2015 sale and are well outside the presumption provided by Louisiana law that defects appearing three days post-delivery existed at the time of delivery.[16] Neither the Gurtler nor the Kotter inspection reports indicate that the issues found on the property existed at the time of sale in 2015. In addition, the Novaks have not argued that the defects in the property are the types of defects for which a court could infer that they existed at the time of delivery.[17]

Finally, the district court examined a third inspection report by H&H Engineering Inc. dated May 2011, four years before the sale. This report outlined three *visible* issues including (1) the fire escape, (2) water penetration in the lower floors, and (3) wood rot on the second-floor balcony. The district court concluded that the uncontradicted evidence showed that these issues were either fixed before the sale or the report did not conclude that certain potential issues such as a shifting foundation did, in fact, exist.

The H&H report was made at the request of the St. Maxent Condominium Association. Michael Skinner, a member of the St. Maxent Board, testified that the three issues outlined in the H&H report were fixed in 2013. Moreover, the H&H report did not find that the building was shifting or had a foundation problem; rather, it recommended another inspection to determine if the building was shifting at all. Finally, the H&H report was an

---

[16] LA. CIV. CODE ANN. art. 2530 ("The defect shall be presumed to have existed at the time of delivery if it appears within three days from that time.").

[17] *Id.* at rev. cmt. c. *See also Rey v. Cuccia*, 298 So.2d 840, 843 (La. 1974) (statutorily overruled on other grounds); *Guillot v. Doughty*, 142 So. 3d 1034, 1043 (La. Ct. App. 2014).

investigation of "several visible problem areas," thus indicating that any issues related to the H&H report were not hidden.

### III. Conclusion

Based on the foregoing, the district court did not err in finding no genuine issues of material fact regarding the existence of redhibitory defects. Without redhibitory defects, there is no claim for intentional misrepresentation, negligent misrepresentation, or detrimental reliance based on the Tilburys' disclosure of no defects on the Property Disclosure Form. For these reasons and those advanced in the district court's careful order and reasons of October 5, 2020, the judgment of the district court is AFFIRMED.