# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 21-20112
Summary Calendar

Qi Hu,

*Plaintiff—Appellant*,

*versus*

NewRez, L.L.C., *formerly known as* New Penn Financial,
L.L.C., *doing business as* Shellpoint Mortgage Servicing,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:20-CV-294

Before Clement, Ho, and Oldham, *Circuit Judges*.

Per Curiam:*

This appeal arises from a property dispute. Plaintiff-Appellant, Qi Hu, appeals the district court's dismissal of her claims on summary judgment. For the following reasons, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20112

# I

In 2004, Xiao Dong Li purchased property in Houston, Texas (the Property). As part of this transaction, Li executed a deed of trust creating a lien on the property to secure repayment of the promissory note. The deed of trust was assigned to NewRez L.L.C., *dba* Shellpoint Mortgage Servicing.

In 2010, the Harris County constable conveyed the property to Yi Zhi Qun by execution deed, thereby foreclosing a judgment against Li. Ultimately, the property was conveyed to Hu.

Li continued to make payments on the note through August 2017. After Li stopped making payments, Shellpoint served Li a notice of default and an opportunity to cure. Li did not cure the default and the note matured on June 1, 2019. Through its trustee, Shellpoint filed notice of a foreclosure sale. Hu subsequently brought this suit to enjoin Shellpoint from proceeding with the sale.

Hu alleged that Shellpoint is barred from proceeding with the sale because, among other things, Shellpoint's right to foreclose is barred by the statute of limitations. Shellpoint moved for summary judgment on all of Hu's claims, which the district court granted. Hu timely appealed.

# II

We review a district court's grant of summary judgment *de novo*. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)). We view the record in the light most favorable to the non-movant. *Id.*

2

No. 21-20112

Hu appeals the district court's determination that the statute of limitations had not run on Shellpoint's right to enforce the deed of trust.[1] She argues that Li breached the deed of trust in August 2016, when he lost title to the Property through the foreclosure sale. Hu argues that upon Li's loss of possession of the property, "an incurable and continuous default occurred which requires the Mortgagee to accelerate the note."

As an initial matter, Hu fails to cite any authority for her contention that Li's default was "incurable and continuous." As the district court correctly pointed out, Li's default could have been cured by payment of the remainder of the balance of the loan. In addition, Texas law does not support Hu's assertion of required acceleration in this case.

Under the Texas Civil Practices and Remedies Code, "[a] sale of real property under a power of sale in a . . . deed of trust . . . must be made not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(b). The limitations period on a note payable by installments and secured by a real property lien "does not begin to run until the maturity date of the last note, obligation, or installment." *Id.* § 16.035(e). And where a deed of trust contains an optional acceleration clause, "default does not ipso facto start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The option to accelerate requires two "clear and

---

[1] Hu nominally raises five issues in her appeal. Two are not briefed so we do not consider them. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("Generally speaking, a defendant waives an issue if he fails to adequately brief it."). The remaining three issues are duplicative of the statute-of-limitations question that we address in this appeal. To the extent that these three issues touch on her laches claim, she has waived that claim for failure to adequately brief it in the body of her argument. *Id.*

No. 21-20112

unequivocal" acts: "(1) notice of intent to accelerate, and (2) notice of acceleration." *Id.* at 565–66.

Here, the deed of trust contained an optional acceleration clause and an anti-waiver clause preserving Shellpoint's right to optional acceleration. Because Shellpoint did not send both required notices—a notice of intent to accelerate and a notice of acceleration—the deed of trust was not effectively accelerated. Shellpoint's right to foreclose claim did not accrue until the maturity date of the deed of trust in June 2019. Accordingly, the statute of limitations will not run until June 2023. Shellpoint's attempts to foreclose on the property in January 2020 are not time-barred.

Hu also contends that "it offends the public policy" to uphold the optional acceleration clause in the deed of trust. This argument, raised for the first time on appeal, is not properly before us and we do not consider it. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 n.1 (5th Cir. 2021).

We AFFIRM.