United States Court of Appeals,

Fifth Circuit.

No. 94-10344

Summary Calendar.

FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,

v.

William A. BRIGHT, Defendant-Appellant.

Oct. 10, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Defendant-Appellant William A. Bright ("Bright") appeals the district court's March 10, 1994 order denying his Motion to Vacate or Reconsider Order Granting Summary Judgment and Declaring Moot Motion for Leave to Amend pursuant to FED.R.CIV.P. 59(e) and 15(a). We conclude that the district court did not abuse its discretion in denying Bright's motion to reopen his case. AFFIRM.

FACTS AND PROCEDURAL HISTORY

Bright was the majority shareholder, president and director of Horn-Williams Ford, Inc. ("Horn-Williams"), a Ford dealership in Dallas, Texas. Horn-Williams participated in a "floor-plan" financing agreement with Plaintiff-Appellee Ford Motor Credit Company ("Ford Credit"), through which Ford Credit financed the purchase of new cars by Horn-Williams, receiving payment upon the sale of the cars by Horn-Williams.

In 1988, Horn-Williams obtained a capital loan of $600,000

from Ford Credit. The loan was renewed on May 9, 1990 for the balance of $370,056.36. Bright, in his individual capacity, executed a continuing guaranty covering all monies loaned to Horn-Williams, and executed individual unconditional guaranties on the capital loan and its renewal.

After experiencing financial difficulties, Horn-Williams defaulted on its obligations under the capital loan renewal and floor plan financing agreements. On August 6, 1991, Horn-Williams filed for Chapter 11 bankruptcy relief, which was subsequently converted to a liquidation under Chapter 7 on January 31, 1992.

Ford Credit made a demand for payment on Bright as guarantor of the Horn-Williams debt. When no payment was forthcoming, Ford Credit filed suit on January 20, 1993 to recover debts on the unconditional guaranties signed by Bright in connection with the loans made by Ford Credit to Horn-Williams.

On November 10, 1993, Ford Credit filed a Motion for Summary Judgment. The district court granted Bright an extension of time to respond to Ford Credit's motion due to the sudden death of Bright's counsel. On February 25, 1994, the court granted summary judgment for Ford Credit on the grounds that Bright relied on a defense that he failed to raise in his answer to Ford Credit's complaint. The court entered Final Judgment against Bright for a total of $1,565,755.13, plus attorneys' fees. On March 7, 1994, Bright filed a motion to vacate or for reconsideration pursuant to Rule 59(e) and a motion for leave to file an amended answer pursuant to Rule 15(a). On March 10, 1994, the district court

denied Bright's Rule 59(e) motion, and declared moot Bright's Rule 15(a) motion.  Bright appeals the court's March 10, 1994 order.

STANDARD OF REVIEW

A motion to vacate or for reconsideration filed pursuant to FED.R.CIV.P. 59(e) allows a losing party to seek the trial court's reconsideration of its order granting summary judgment if served within 10 days of the rendition of judgment.  See *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173-74 (5th Cir.1990), *cert. denied,* --- U.S. ----, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993).  If the party seeking reconsideration attaches additional materials to its motion that were not presented to the trial court for consideration at the time the court initially considered the motion for summary judgment, the court may consider the new materials in its discretion.  *Fields v. City of South Houston, Texas,* 922 F.2d 1183, 1188 (5th Cir.1991) (citing *Lavespere,* 910 F.2d at 172-75).  If the court considers the materials but still grants summary judgment, the appellate court may review all materials *de novo. Fields,* 922 F.2d at 1188 (citing *Lavespere,* 910 F.2d at 177-78).  "On the other hand, if the district court refuses to consider the materials, the reviewing court applies the abuse of discretion standard." *Fields,* 922 F.2d at 1188.  "Under this standard, the district court's decision and decision-making process need only be reasonable." *Midland West Corp. v. Federal Deposit Ins. Corp.,* 911 F.2d 1141, 1145 (5th Cir.1990).  Because the district court did not consider the materials Bright submitted with his Rule 59(e) motion, we review

3

the court's order for an abuse of discretion. In addition, we review the district court's denial of Bright's motion to amend his complaint pursuant to FED.R.CIV.P. 15(a) for an abuse of discretion. See *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir.1993).

## DISCUSSION

Bright's answer to Ford Credit's complaint did not plead a defense under TEX.BUS. & COM.CODE § 9.504(c). However, in response to Ford Credit's summary judgment motion, Bright argued that he was not liable on the guaranties because he did not receive a notice of the sale of the collateral, and because Ford Credit did not dispose of the collateral in a commercially reasonable manner. The district court granted summary judgment, finding that because Bright failed to specifically deny notification or commercially reasonable disposition in his answer, there existed no triable issue of fact as to Bright's liability on the guaranties.

In its order denying Bright's Rule 59(e) motion and Rule 15(a) motion, the district court stated that the "alleged "professional carelessness' of Bright's previous counsel does not merit reinstatement of his case." Our review of the record reveals no abuse of discretion. Bright failed to plead a defense pursuant to § 9.504(c) in his answer to Ford Credit's complaint. He also failed to seek leave to amend his answer to include the defense before the district court entered summary judgment against him. A court considering a Rule 59(e) motion requesting reconsideration may take into consideration an attorney's conduct in determining

4

whether to reopen a case. See *Lavespere,* 910 F.2d at 175. Therefore, the court's decision regarding whether to reopen a case must be reviewed in light of all the relevant circumstances on a case-by-case basis. *Id.* In this case, we find that the district court did not abuse its discretion in denying Bright's Rule 59(e) motion. Further, we find that the district court did not abuse its discretion in denying Bright's Rule 15(a) motion as moot. AFFIRM.