United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 05-11335

(Summary Calendar)

_____

BETTY SANDERS,

Plaintiff - Appellant,

versus

BELL HELICOPTER TEXTRON INC,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 4:04-CV-254

_____

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Betty Sanders ("Sanders") appeals the district court's denial of her Federal Rule of Civil

Procedure 59(e) motion to reconsider the district court's grant of summary judgment to Bell

---

*    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Helicopter Textron, Inc. ("Bell") on claims arising from her termination after an extended leave due to a severe back injury.

When Sanders' employment was terminated after a medical leave in excess of two years, she brought suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Texas Labor Code § § 21.001-21.306. After the conclusion of discovery, Bell filed a motion for summary judgment. Sanders filed only an Emergency Motion for the Limited Reopening of Discovery, which made no reference to the prior summary judgment motion, nor did she request additional time to respond. The district court granted summary judgment to Bell, noting that Sanders had wholly failed to file a response. Sanders then moved for reconsideration, which the district court also denied. Sanders now appeals.

A denial of a motion to reconsider a grant of summary judgment is reviewed for abuse of discretion. *Icee Distrib., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). However, under certain circumstances, the party seeking reconsideration may attach additional materials to the motion that were not originally before the trial court. *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). If the court grants summary judgment after considering the additional evidence, then we review *de novo*. *Templet v. Hydrochem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Here, the court did not grant summary judgment upon receiving the motion to reconsider, but simply denied Sanders's motion. Furthermore, although Sanders asserts that the district court "expressly referr[ed]" to the additional material she submitted along with her motion for reconsideration, she does not point us to such a reference in the order denying the motion, and our own review does not indicate that the district court relied on the additional materials in making its decision. We therefore review for an abuse of discretion. *See Templet*, 367 F.3d at 477 (reviewing

for abuse of discretion where the "district court [did] not expressly or impliedly refer to the additional materials in its ruling").

Sanders argues that she failed to file a response, supported by affidavits, to Bell's motion for summary judgment because she "assumed" that her motion to reopen discovery would be considered a responsive pleading. However, Federal Rule of Civil Procedure 56(e) states explicitly:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Sanders' motion regarding discovery made no reference to Bell's summary judgment motion and did not articulate any "genuine issue for trial." Nor did she "present affidavits that contain[ed] specific facts explaining the failure to respond by counter affidavits demonstrating the existence of a genuine issue of fact." *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989) (discussing the requirements, under Rule 56(f), for a party seeking postponement of a ruling on a summary judgment motion). Therefore, the district court did not abuse its discretion when it denied Sanders' motion to reconsider. *See S.E.C. v. Spence & Green Chem. Co.*, 612 F.2d 896, 900 (5th Cir. 1980) (stating that if an adverse party "fails to answer by counter affidavits or otherwise . . . the court should enter that summary judgment which the law applied to the facts presented by the moving party will support"); *see also Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 137 (5th Cir. 1987) (holding that mere requests for additional discovery did not provide adequate justification for a postponement on the summary judgment ruling).[1]

---

[1] Sanders also appears to argue that summary judgment was inappropriate because the materials submitted with Bell's motion for summary judgment were not sworn or certified copies.

Accordingly, we AFFIRM the district court's denial of the motion to reconsider.



*See* FED. R. CIV. P. 56(e) (requiring that papers referred to in a affidavit must be sworn or certified). When Sanders moved for reconsideration, she also moved to strike the summary judgment evidence. The district court denied her motion to strike as untimely, as she had not objected prior to his ruling. Because Sanders failed to make a timely objection to the summary judgment evidence submitted by Bell, we may not review this alleged error. *See Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 508 (5th Cir. 1999) (listing cases holding that "procedural objections to admissibility of summary judgment evidence [are] waived by failure to challenge in district court").