# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2011

Lyle W. Cayce
Clerk

No. 10-31041
Summary Calendar

MARSHA R. BEVERLY,

Plaintiff–Appellant

v.

WAL-MART STORES, INCORPORATED; WAL-MART LOUISIANA, LIMITED
LIABILITY CORPORATION,

Defendants–Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07–CV–560

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Marsha R. Beverly ("Beverly") brought suit against
Defendants–Appellees Wal-Mart Stores, Inc. and Wal-Mart Louisiana, L.L.C.
("Wal-Mart") after injuring herself in a Wal-Mart store. After the case was
removed from state court based on diversity of citizenship, the federal district
court granted summary judgment for Wal-Mart and then denied Beverly's
motion for reconsideration filed under FED. R. CIV. P. 59(e). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-31041

**I**

This case arises out of the personal injury Beverly sustained on July 21, 2006, while shopping at a Wal-Mart in East Baton Rouge, Louisiana. That day, Beverly and her daughter walked into Wal-Mart (Store #839) and proceeded through the store's middle aisle, whereupon Beverly "slipped and fell on a puddle of unidentified clear liquid" that may have leaked from a display bin of baby soap. Beverly brought suit against Wal-Mart in state court, seeking damages for her injuries. Beverly's negligence claim alleged that the clear liquid puddle constituted a hazardous condition that Wal-Mart knew of, or should have known of, and that Wal-Mart allowed the puddle to remain on the floor for an unreasonable period of time despite knowing of the condition. Wal-Mart removed the matter to federal district court based on the parties' diversity of citizenship.

The court's scheduling order required that "[a]ll fact discovery shall be completed . . . by May 30, 2008." On March 11, twelve weeks before the discovery deadline, Wal-Mart moved for summary judgment; Beverly did not file a response. In light of Beverly's failure to file a memorandum in opposition, the district court deemed Wal-Mart's summary judgment motion to be unopposed, and, after reviewing the record, found that no genuine issues of material fact existed on Beverly's negligence claim. The court granted summary judgment for Wal-Mart accordingly.

Eight days later, Beverly moved the district court to reconsider its summary judgment ruling, invoking FED. R. CIV. P. 59(e). In addition to her reconsideration request, Beverly submitted—for the first time— a memorandum opposing Wal-Mart's motion for summary judgment, with several supporting documents attached. One of these was an affidavit from Beverly's daughter, Latisha Flowers, who was present at the time of the accident.

No. 10-31041

The district court denied Beverly's reconsideration request, finding that her motion failed to satisfy any of the requirements for obtaining relief under Rule 59(e). In addition, the court indicated that it had reviewed Beverly's memorandum in opposition and supporting documents, and found that Beverly still had not shown the existence of any disputed issues of material fact on her negligence claim.

Beverly timely appealed and now argues that: (i) the district court should have afforded her additional time to conduct discovery before ruling on Wal-Mart's summary judgment motion; and (ii) the district court erred in denying Beverly's reconsideration request in light of the documents she attached to her memorandum opposing Wal-Mart's motion for summary judgment.

**II**

We review the district court's decision to limit discovery for abuse of discretion. *See Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 444 (5th Cir. 2001). "If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion." *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1992) (citations omitted).

In contrast, we review the district court's denial of Beverly's motion for reconsideration *de novo*. *See Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Where a party seeking reconsideration under FED. R. CIV. P. 59(e) attaches new materials to its motion for reconsideration that were not presented to the district court when the court initially ruled on the motion for summary judgment, the district court may consider the new materials at its discretion. *See Fields v. City of S. Houston,* 922 F.2d 1183, 1188 (5th Cir. 1991). We review the court's decision on whether to consider the new materials for abuse of discretion. *Id.* We review the actual challenge to the district court's

No. 10-31041

summary judgment *de novo*, however, because that determination is an issue of law. *Id.*

## A

At the outset, we note that Beverly's brief concedes, in several places, her inability to establish a genuine dispute over the material facts essential to her negligence claim. *See* Appellant's Br. at iii, 6, 11, and 14. Ordinarily, this failure of proof would prove fatal. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial."). But Beverly argues that summary judgment was improper, nonetheless, because she made a sufficient showing of why additional discovery was necessary such that the district court should have allowed her more time for discovery before ruling on Wal-Mart's summary judgment motion.

In considering a motion for summary judgment, the district court has discretion to, *inter alia*, defer ruling on the motion or allow the nonmoving party additional time to obtain further discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). We have observed that Rule 56(d) motions are generally favored and should be liberally granted. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991). To obtain a continuance of a motion for summary judgment for discovery purposes, however, "a party must set forth some statement to the court indicating why additional discovery is necessary and 'how additional discovery will create a genuine issue of material fact.'" *Canady*, 240 F.3d at 445 (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)).

Here, Beverly contends that she needed additional time to locate and depose two former Wal-Mart employees, Brian Zeno and Kiffany Henderson,

both of whom had either investigated or had knowledge relating to her accident. *See* Appellant's Br. at 9–11, 13. Beverly also claims that she needed additional time to depose those members of the Wal-Mart day maintenance crew who were working at Store #839 in July 2006. *See* Appellant's Br. at 14. We find these contentions unavailing.

Beverly fails to explain what testimony, if any, Henderson or the members of the day maintenance crew would have provided that would have justified the district court in suspending decision on the summary judgment motion, or that would have created a genuine issue for trial. Her conclusory assertion that "she was unable to present facts essential to defend against" Wal-Mart's summary judgment motion is without foundation.

With respect to Brian Zeno, the assistant manager who investigated the accident, Beverly speculates that "*she expected that* Brian Zeno would be able to testify to the size of the puddle of liquid, its consistency and appearance, and possibly identify the substance itself." Appellant's Br. at 13 (emphasis added). Such a claim, without more, is insufficient to show an abuse of discretion. *See Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988) (per curiam) ("A claim that further discovery or a trial might reveal facts which the plaintiff is currently unaware of is insufficient to defeat [a summary judgment] motion."). Moreover, Beverly failed to tell the district court what progress, if any, she had made in locating Zeno, which could have been helpful in assessing the reasonableness of any further delay. And lastly, as Wal-Mart correctly argues, Beverly's belief that Zeno could identify the clear liquid substance at issue has no bearing on the issue of notice (i.e., whether Wal-Mart knew, actually or constructively, that the puddle was on the floor for some period of time before Beverly's fall).

Beverly has not shown that additional discovery was necessary or would have created a genuine issue of material fact for trial. *See Canady*, 240 F.3d at

445. Based on these facts, we conclude that the district court did not abuse its discretion in denying Beverly additional time to conduct further discovery and ruling on Wal-Mart's summary judgment motion as it did.

**B**

Beverly also contends that the district court erred in denying her motion for reconsideration in light of the documents she attached to her memorandum opposing Wal-Mart's summary judgment request.

In Louisiana, merchants are required to exercise reasonable care to keep their premises in safe condition for those who enter. *See* LA. R. S. 9:2800.6(A). This duty, however, does not impose absolute liability on a merchant whenever an accident happens. *See Pena v. Delchamps, Inc.*, 960 So.2d 988, 991 (La. Ct. App. 2007). To prove a negligence claim against a merchant for damages as a result of an injury, death, or other loss sustained because of a fall due to a condition existing on the merchant's premises, the claimant must show that:

(1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

(2)    The merchant either created or *had actual or constructive notice of the condition* which caused the damage, *prior to the occurrence*; and

(3)    The merchant failed to exercise reasonable care.

LA. R. S. 9:2800.6(B) (emphasis added). The claimant must satisfy all three elements to make out a prima facie negligence claim and withstand summary dismissal. *Id*. Here, Beverly does not claim that Wal-Mart had actual notice of the puddle that caused her injury; her claim turns on whether Wal-Mart had constructive notice of the condition.

The Louisiana Supreme Court has repeatedly considered the issue of constructive notice as defined by statute, observing that such notice plainly includes a temporal element. *See, e.g., White v. Wal-Mart Stores*, 699 So.2d 1081, 1084–85 (La. 1997) ("A claimant who simply shows that the condition

existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall."); *see also Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1191 (La. 1999) ("[P]laintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition.").

The record contains nothing by which to infer that Wal-Mart was on constructive notice of the puddle that caused Beverly's fall. In her deposition, Beverly described slipping on a clear liquid substance that included dirt specks from where her shoes had passed through; she was unable to say how long the liquid had been on the floor otherwise. Elsewhere, Beverly had estimated that the puddle was approximately the size of a dinner saucer. Beverly's daughter, Latisha Flowers, provided an affidavit in which she described watching a janitor cleaning up the puddle and seeing "a liquid substance on his paper towel." And lastly, Brian Zeno's incident report described the puddle as "something smered [*sic*] on the floor." In essence, Beverly presented no evidence that the liquid was on the floor for any length of time, and the totality of evidence set out above falls far short of carrying the burden of proof on the element of constructive notice. Because Beverly has the burden of proving all three elements as required by LA. R. S. 9:8200.6(B), her failure to prove the second, temporal element is fatal to her negligence claim.

No. 10-31041

## III

For the foregoing reasons, the district court's grant of summary judgment for Wal-Mart, and the court's denial of Beverly's motion for reconsideration of judgment, are AFFIRMED.[1]

---

[1] Beverly argues alternatively that if her case proceeds to trial, she may be entitled to an instruction regarding Wal-Mart's alleged spoilation of evidence. We have considered this contention and find it to be without merit.