# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31247

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

DERRICK ALLEN,

> Plaintiff–Appellant,

v.

ENVIROGREEN LANDSCAPE PROFESSIONALS, INCORPORATED,

> Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-506

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Derrick Allen appeals the summary judgment dismissal of his retaliation claim based on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the denial of his motion for reconsideration of the judgment. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31247

## I. BACKGROUND

### A.    Factual Background

Plaintiff–Appellant Derrick Allen, an African-American male, was hired by Defendant–Appellee Envirogreen Landscape Professionals, Inc. ("Envirogreen") on September 17, 2010. Envirogreen is a landscaping company that provides services in Baton Rouge and other cities. Allen left his supervisor job that paid $15 per hour at another landscaping company, White Oak Plantation, for a position at Envirogreen. Allen interviewed with Envirogreen's owner, Mark Willie, and landscape architect, Todd Griffin. He was given the title of "supervisor" but never explicitly told the scope of his duties. According to Allen, he and Willie were supposed to review an employment agreement to set his exact duties and terms of employment, but Willie "continued to put that off." Allen claims that Willie agreed to pay him $15 per hour.

Allen describes his work as "doing pretty much a little bit of everything, not just -- little to none if so supervising but mainly just routine labor." Despite the agreed upon pay rate of $15 per hour, Allen's first paycheck reflected a rate of $14 per hour. At the time, Allen did not know whether other employees were being paid $14 or $15 per hour. After receiving his paycheck, Allen complained to both Willie and Griffin regarding his pay rate. He also complained to them about Envirogreen's failure to pay overtime.

After he complained about his pay, Allen believes that Envirogreen retaliated against him by placing him in "inappropriate working conditions." According to Allen, he was sent to jobs where he was not familiar with the work, and check on jobs that he didn't initiate. Altogether, Allen reports working between six and eight jobs for Envirogreen, and he alleges that all of them involved inappropriate working conditions since he complained to Willie. Allen inferred that Envirogreen's motive in assigning him to inappropriate working conditions was based on his wage and overtime complaint, not his

2

race. When asked if race had something to do with his adverse treatment by Envirogreen, Allen responded that race was a factor, because the field workers were predominantly black, but his case was based "on retaliation, not race."

Griffin terminated Allen on December 31, 2010, soon after his 90-day evaluation. According to Allen, he requested an evaluation so he could potentially request a pay increase, but he was fired instead. Griffin told him that "it was apparent that . . . Allen was not satisfied with the way things were going on the job." Willie justified Allen's termination because Allen's employment was "not working out," Allen had poor job performance, and Allen "did not have skills originally agreed upon." Allen reported that he never received a complaint from his employer regarding his performance, nor did he receive any verbal or written warning before he was terminated. Allen thought that he was terminated as retaliation for complaining about his wages, not his race. Envirogreen eventually compensated Allen for "back wages" as a result of a payroll audit.

**B.    Procedural History**

On May 27, 2011, Allen filed a charge of discrimination with the Louisiana Commission on Human Rights ("LCHR") and the Equal Employment Opportunity Commission ("EEOC"). Allen's complaint alleged that he was discriminated against based on race, and retaliated against in violation of LSA R.S. 23:301 et seq. and Title VII of the Civil Rights Act of 1964. Specifically, he complained that "as a supervisor . . . he was not render[ed] the opportunities and training that was agreed upon, he did not get paid the agreed upon wage of $15 an hour, and he worked over 40 hours a week on several occasions and did not get paid overtime wages because of his Race, and he was assigned revolting assignments and fired because of his race and opposition to his employers unlawful practices."

No. 16-31247

After exhausting his administrative remedies,[1] Allen sued Envirogreen pro se alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Allen's complaint argues that he informed Envirogreen of its discriminatory employment practices, such as "wages paid, hours of work, and working conditions." Allen claims that as a result, Envirogreen took adverse action by withdrawing his initial salary agreement, not paying overtime, placing Allen in "inappropriate working conditions," and terminating him. Allen did not mention race in his complaint. Since filing his complaint, he repeatedly maintained that his case is "based on [r]etaliation not race, but race surely is a component."

Envirogreen filed a motion for summary judgment arguing that Allen failed to establish a prima facie case for his retaliation claim under Title VII. Allen filed a sur-reply in response, arguing that "he was discriminated against based on race" and that he was treated differently than a similarly situated white employee, Rick, with respect to job assignment, wages, and hours. No details are provided about Rick other than the fact he is a white supervisor at Envirogreen. After a review of the record, the district court found that no reasonable juror could conclude from the uncontested facts that Allen engaged in activity protected by Title VII. The court reasoned that Allen's legal arguments were unsupported, and his factual assertions were conclusory. The district court granted Envirogreen's motion for summary judgment and dismissed Allen's claims with prejudice on May 3, 2016.

---

[1] The LCHR issued a finding that the evidence did not support Allen's allegations of employment discrimination. After conducting a substantial weight review of the finding, the EEOC concurred, and "determined that no appropriate evidence was overlooked or misinterpreted in evaluating [Allen's] charge." The EEOC issued a determination letter on May 29, 2014, notifying Allen of his right to bring a private lawsuit within 90 days of receiving the letter.

No. 16-31247

On May 16, 2016, Allen filed a motion for reconsideration of the judgment invoking Rule 59. He first asserted that the court made a mistake of law in holding that Title VII does not protect "wage issues." He also argued that the court disregarded evidence that supported his claim of discrimination, specifically his charge of discrimination filed with the EEOC. And Allen contended that Envirogreen provided no support for its claim that its actions were not racially motivated. The district court denied Allen's motion on November 21, 2016. Allen timely appealed both the district court's grant of summary judgment in favor of Envirogreen and the court's denial of his motion for reconsideration.

## II. DISCUSSION

"We review a district court's grant of summary judgment *de novo*, viewing all facts and drawing all inferences in a light most favorable to the non-moving party." *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 425–26 (5th Cir. 2017) (citation omitted). Summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where, as here, 'the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case.'" *Alkhawaldeh*, 851 F.3d at 425–26 (quoting *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000)). "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "Summary judgment may not be thwarted by conclusional allegations,

5

unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). "On appeal we may affirm a grant of summary judgment on any legal ground raised below, even if it was not the basis for the district court's decision." *Alkhawaldeh*, 851 F.3d at 426 (quoting *Bayle*, 615 F.3d at 355).

## A.    Summary Judgment

Title VII prohibits employers from retaliating against employees who oppose an employment practice made unlawful by Title VII. *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (quoting 42 U.S.C. § 2000e-3(a)). Unlawful employment practices under Title VII include "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a prima facie case of retaliation under Title VII, "a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La. Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)). "If the employee establishes a prima facie case [of retaliation], the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision." *LeMaire v. Louisiana*, 480 F.3d 383, 388–89 (5th Cir. 2007) (citing *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754–55 (5th Cir. 2005)). Once an employer does so, the burden shifts back to the employee to demonstrate that the employer's reason is pretext for retaliation. *Id*. "In order to avoid summary judgment, the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer

would not have taken the action 'but for' the protected activity." *Feist*, 730 F.3d at 454 (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir. 1996)).

Allen argues that the district court erred in granting summary judgment on his Title VII retaliation claim. The district court concluded that before he was retaliated against, Allen only complained about his wages and had not complained to Envirogreen about racially discriminatory employment practices. Thus, Allen failed to establish a prima facie case for retaliation under Title VII because he did not show that he engaged in activity protected under Title VII. This Circuit has defined protected activity to include "opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001) (citing 42 U.S.C. § 2000e-3(a) (2001); *Evans v. City of Hous.*, 246 F.3d 344, 352–53 (5th Cir. 2001)). On appeal, Allen offers two sources of proof for his claim that he engaged in activity protected under Title VII: his written LHCR and EEOC complaint and his verbal complaints to Willie and Griffin. After reviewing these sources, neither is sufficient to establish a prima facie case for retaliation. We therefore conclude that Allen has failed to create a genuine issue of material fact that he engaged in protected activity under Title VII.

First, Allen argues that his LHCR and EEOC complaint regarding Envirogreen's employment practices supports finding that he engaged in activity protected under Title VII. There is no question that Allen engaged in a protected activity when he filed his complaint on May 27, 2011. *See* 42 U.S.C. 2000e-3(a). In his EEOC charge, Allen specifically alleged that "he worked over 40 hours a week on several occasions and did not get paid overtime wages because of his [r]ace, and he was assigned revolting assignments and fired because of his race and opposition to his employer's unlawful practices."

Making a charge that he was discharged or otherwise discriminated against with respect to compensation or conditions of employment because of his race is protected under Title VII. *See Feist*, 730 F.3d at 454. However, this complaint cannot prove that Envirogreen retaliated against him; Allen submitted his complaint with the LHCR and EEOC months after he was fired. Any alleged workplace retaliation necessarily pre-dated his submission of the complaint. Therefore, the LHCR and EEOC complaint cannot support his retaliation claim.

Second, Allen contends that his verbal complaints to Willie and Griffin about the "wages paid, hours of work, and working conditions" constituted "opposition to [Envirogreen's] discriminatory employment practices" and thus he engaged in activity protected under Title VII. In a claim of protected opposition, an employee must at least have referred to conduct that could plausibly be considered discriminatory in intent or effect, thereby alerting the employer of its discriminatory practices. *See, e.g.*, *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007). A vague complaint or general allegation of unfair treatment, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity. *See Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011) (unpublished) (per curiam) (finding that a statement complaining about a "hostile work environment" did not constitute protected activity under Title VII because it "lacked a racial or gender basis"); *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 396 (5th Cir. 2008) (unpublished) (per curiam) ("Complaining about unfair treatment without specifying why the treatment is unfair, however, is not a protected activity"); *Harris-Childs v. Medco Health Sols., Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006) (per curiam) (finding that an employee did not engage in protected activity when she complained of harassment but did not mention race or sex). Complaints about wages, hours

of work, and working conditions are protected under § 15(a)(3) of the Fair Labor Standards Act ("FLSA") of 1938, 29 U.S.C. § 215(a)(3), but protected activity under Title VII must relate to discriminatory practices based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

When his pro se complaint is liberally construed,[2] Allen claims that he complained to Willie and Griffin about a wage disparity based on race. He then argues that he was retaliated against after complaining about this pay disparity, and that he was paid less because of his race. On appeal, Allen maintains that "the true basis of the case" was his race. In support of his assertion, Allen points to interrogatories where he attributed his incorrect pay rate to "race and my opposition to their discriminatory action." Taken at face value, Allen has consistently argued that race was an underlying factor in his complaint, and he appears to have engaged in protected activity under Title VII.

On the other hand, Envirogreen demonstrates that Allen has consistently downplayed the role that race played in his complaint to Willie and Griffin. When Allen describes his opposition to "discriminatory employment practices," he refers only to his complaint to Willie regarding "wages paid, hours of work, and working conditions." On appeal, he describes his opposition as "first, explicitly confronting Mark Willie . . . about the contract agreement, pay rate, failure to pay overtime, and supervisor position." In his deposition, Allen testified that he complained about his wages, a breach of what he believed to be a salary agreement between him and Willie, and a lack of overtime pay. Allen believed that he and Willie agreed that Allen would be paid $15 per hour, but Allen was instead paid $14 per hour and denied

---

[2] This court liberally construes pro se litigant briefs, but pro se litigants must still argue issues to preserve them for appeal. *Thomas v. La., Dep't of Soc. Servs.*, 406 F. App'x 890, 894 (5th Cir. 2010) (citing *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007)).

overtime pay. Importantly, Allen did not know what other employees were paid. Thus, he could not have complained about unfair treatment by comparing his wages to a similarly situated white employee. When asked if Envirogreen's wage practices had anything to do with race, Allen responded that he thought "mostly [Willie] was doing it because he was greedy." Instead of explicitly describing that his complaint was about racial discrimination, he only surmises that Envirogreen's motives in originally failing to pay him overtime pay and at the agreed upon rate "were a result of the appellant's RACE." In pointing to these responses, Envirogreen, as movant, has shown that the record does not support Allen's claim that he engaged in protected activity under Title VII.

In response, Allen does not provide evidence suggesting a dispute of material fact. Allen describes many of Envirogreen's actions as discriminatory, but these allegedly discriminatory actions provide little support for a finding that Allen complained to Willie and Griffin about discriminatory practices based on race. For example, Allen argued that Envirogreen engaged in wage discrimination based on race, and Envirogreen "reneged on all his verbal agreements" because Allen was blackHe supports this assertion by offering a comparator, arguing that "[a] white supervisor by the name of Rick Steele was paid accordingly." Allen similarly testified that he believed he was terminated due to his complaint because "all the blacks was working on this level and the whites, but my reason I think it was retaliation because I complained." These examples appear to describe unlawful employment practices under Title VII, *see* 42 U.S.C. § 2000e-2, and perhaps would suffice to support a claim of discrimination, but they do little to clarify the nature of Allen's complaint to

Willie and Griffin.[3] In describing that conversation, Allen only asserts that he complained about Envirogreen's "discriminatory employment practices" and that Envirogreen's took discriminatory action "because of his race." However, Allen does not provide supporting evidence for these statements by reference to the record. "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul*, 684 F.3d at 571. Allen thus has not demonstrated that his complaint was made in opposition to discrimination based on race.

Although we review the summary judgment record in the light most favorable to the non-movant, we do not believe that Allen has demonstrated that he complained to Envirogreen about racial discrimination. A party contesting summary judgment by asserting that a fact is genuinely disputed must support the assertion by citing particular materials in the record. Fed. R. Civ. P. 56(c). Because Allen has not shown that he engaged in an activity protected under Title VII by reference to specific facts in the record, he has not established a prima facie case for retaliation. Thus, the district court's grant of summary judgment was proper.

## B.    Motion for Reconsideration

We review a district court's decision on a Rule 59 motion to reconsider for abuse of discretion. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). "Under this standard of review, the district court's decision and

---

[3] Allen cites to EEOC filings in support of his claim, but these cases address the issue of wage discrimination based on race, not retaliation for opposing unlawful practices under Title VII. *See EEOC v. Corp. Express Office Prods.*, No. 3:09-cv-00516, 2009 BL 251569 (M.D. La. Nov. 23, 2009); *EEOC v. Orkin, Inc.*, No. 05-2657-Ma/P (W.D. Tenn. May 26, 2006); EEOC, *United Air Temp / Air Conditioning & Heating, Inc. Sued by EEOC for Race Discrimination*, 2011 WL 970470 (Mar. 21, 2011). As mentioned above, Allen's argument could perhaps support a claim of retaliation under the FLSA or discrimination under Title VII, but Allen brought neither of those claims in district court. Although pro se complaints are liberally construed, issues still must be briefed to be considered. *See Thomas*, 406 F. App'x at 894.

decision-making process need only be reasonable." *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (citing *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994)). But to the extent that a ruling involved a reconsideration of a question of law, "the standard of review is de novo." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citation omitted). Because Allen's motion "calls into question the correctness" of the judgment, we consider it under Rule 59(e). *See Templet*, 367 F.3d at 478 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) motions serve "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citation omitted). Accordingly, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citation omitted). A party's "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006) (quoting *Templet*, 367 F.3d at 479). As a result, a Rule 59(e) motion "should only be granted where there is new evidence that (1) probably changes the outcome of the case; (2) could not have been discovered earlier by proper diligence; and (3) is not merely cumulative or impeaching." *Molina v. Equistar Chems. L.P.*, 261 F. App'x 729, 733 (5th Cir. 2008) (unpublished).

Allen argues that the court erred in denying his Rule 59 motion to reconsider the judgment. Allen raised three issues in his motion: (1) the court made a mistake of law in regard to Title VII not protecting wage issues; (2) the court overlooked record evidence; and (3) Envirogreen never offered evidentiary support that it did not discriminate against Allen. The district

court rejected all three arguments. On appeal, Allen argues that the court did not apply the appropriate law in ruling on his Motion for Reconsideration in light of new evidence, specifically his Review of Action letter to the EEOC, and showed clear error based on false statements made by Envirogreen in its motion for summary judgment. We conclude that the district court did not abuse its discretion when it refused to reconsider the judgment.

First, Allen argued that the court made a mistake of law in regard to Title VII not protecting wage issues. The district court rejected this argument, reasoning that Allen cited no authority in support of his argument that Title VII does not protect wage issues. Unlawful activities under Title VII are limited to "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Although Title VII prohibits racial discrimination with respect to compensation, compensation issues are not protected by Title VII when they do not allege discrimination based on race, color, religion, sex, or national origin. The district court's conclusion was thus not a "manifest error of law." *Waltman*, 875 F.2d at 473. The district court therefore did not commit legal error.

Next, the district court noted that the evidence Allen presented in his motion was available and considered by the court in its ruling on the summary judgment motion. We find the district court's approach reasonable. Allen did not present new evidence in his motion for reconsideration. Allen cannot use his motion for reconsideration to rehash evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet*, 367 F.3d at 479. Thus, Allen's motion for reconsideration did not serve the

narrow purpose of Rule 59, and the district court did not act improperly when it denied his motion.

On appeal, Allen raises a different issue by presenting "new" evidence in the form of an EEOC review letter dated May 10, 2014. The district court, however, granted summary judgment on May 3, 2016. Allen offers no excuse for his failure to timely present this letter as evidence. Thus, this new evidence cannot justify granting his motion for reconsideration. *See Templet*, 367 F.3d at 479. We conclude that the district court did not err in denying Allen's Rule 59 Motion for Reconsideration of the judgment.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment and denial of Allen's motion for reconsideration of the judgment under Rule 59.