# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50454
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2019

Lyle W. Cayce
Clerk

GILDA BENEDETTI,

> Plaintiff - Appellant

v.

WAL-MART STORES TEXAS, L.L.C.,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-604

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

In this slip and fall case, Gilda Benedetti, acting *pro se*, appeals the district court's decisions to (1) award summary judgment to Wal-Mart Stores Texas, L.L.C., (2) deny her motions for reconsideration, (3) exercise its discretion to rule on the motion for summary judgment rather than waiting for the parties to engage in alternative dispute resolution, and (4) deny her motion

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 18-50454

to appoint counsel after she became dissatisfied with the attorney who represented her through most of the proceedings. We affirm.

I.

According to Benedetti, it began raining about 20 minutes before she entered Wal-Mart at approximately 4:15 p.m. on November 21, 2014. It is undisputed that rain water leaked from Wal-Mart's roof onto the ground, creating a small puddle. About 10 minutes after she entered the store, Benedetti was injured when she slipped and fell on the puddle. A maintenance associate from the store later testified that there was only "like a little" water on the ground, an amount smaller than a broomstick.

Benedetti retained counsel and filed suit in Texas state court, alleging a premises liability claim.[1] Wal-Mart removed the case to federal court, and the parties conducted discovery. Eventually, Wal-Mart moved for summary judgment. And, after concluding that Benedetti filed a sham affidavit that conflicted with her earlier deposition testimony, the district court granted Wal-Mart's motion.

Benedetti began filing *pro se* letters with the district court, and so the matter was referred to a magistrate judge. The magistrate judge construed the letters as a motion for reconsideration and a motion to appoint counsel. The magistrate judge recommended denying the motions. The district court received more correspondence from Benedetti, which it construed as objections to the magistrate judge's report. Over Benedetti's objections, the district court adopted the report and recommendations of the magistrate and entered judgment against her. One of Benedetti's letters was construed as a notice of appeal.

---

[1] Benedetti made other claims not relevant to this appeal.

No. 18-50454

II.

On appeal, Benedetti contends the district court erred by granting summary judgment to Wal-Mart and denying her motions for reconsideration.[2] "We review the grant of summary judgment *de novo*, applying the same standards as the district court." *Hill v. Carroll Cty.*, 587 F.3d 230, 233 (5th Cir. 2009). And "[t]ypically, we review a district court's decision on a Rule 59 motion to reconsider for abuse of discretion." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

A.

We turn first to Benedetti's contention that the district court erred by granting summary judgment to Wal-Mart on her premises liability claim. Under Texas law, a plaintiff seeking to win a premises liability claim must prove "[a]ctual or constructive knowledge of some condition on the premises by the owner." *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 2014). When there is no evidence that a premises owner created or knew of a hazard, a plaintiff may proceed on a "constructive notice" theory. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006).[3] The Texas Supreme Court has explained that this "requires proof that an owner had a reasonable opportunity to discover the defect." *Id.* That question, in turn, "requires analyzing the combination of proximity, conspicuity, and longevity." *Id.* In other words, "if

---

[2] Before us, Benedetti contends that the district court abused its discretion by ruling on Wal-Mart's motion for summary judgment instead of waiting for the parties to engage in alternative dispute resolution. Even when counseled, Benedetti did not raise this argument to the district court in her response to Wal-Mart's motion for summary judgment. Nor did she raise the argument when she sought reconsideration *pro se*. Because Benedetti did not raise this issue before the district court and she has failed to support the argument with case law here, she has forfeited the argument. *See Noriss v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017).

[3] Benedetti contends on appeal that, "based on the previous leak history as acknowledged by Wal-Mart employees, they did have constructive knowledge of the presence of an unreasonable risk of harm." But, when counseled, Benedetti expressly disclaimed this argument. She cannot now revive this argument on appeal. *See Noriss*, 869 F.3d at 373 n.10.

the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). The court stressed that "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.*

Here, it is undisputed that Wal-Mart did not place the water on the floor, which came instead from the leaky roof. And, when counseled, Benedetti, did not respond to Wal-Mart's argument that it lacked actual knowledge of the puddle. Instead, Benedetti relied on a theory of constructive knowledge. So, when ruling on Wal-Mart's motion for summary judgment, the district court was required to consider whether Benedetti produced sufficient evidence to create a fact dispute on the issue of constructive knowledge. To do so, it analyzed the proximity of Wal-Mart's employees to the puddle, the puddle's conspicuity, and the length of time the puddle sat in the aisle.

On the proximity factor, the district court noted that in a deposition Benedetti testified that she did not remember seeing a Wal-Mart associate near where she fell. But, later, in an affidavit, she swore that "she saw Wal-Mart Store employees in the Delicatessen and Meat Departments"—areas adjacent to where she fell. The district court disregarded this evidence under the "sham affidavit rule." *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."). Without the affidavit, the district

court concluded that Benedetti failed to produce any evidence supporting the proximity factor.

On appeal, Benedetti explains that the confusion arose because she was attempting to be precise with her answers during the deposition. She was asked "Do you recall whether there was a Wal-Mart associate sort of *out in front of you or in that area* as you walked through there, do you remember that?" She answered, "*Not in front of me*, no, I don't remember that." (emphasis added). Before us, she contends that she was answering only the question about whether there was an associate in front of her, and not whether there was an associate in the meat department. Benedetti did not raise this argument before the district court, and so she has forfeited the argument. *See Noriss v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996). Even if properly raised, we would not conclude that the district court erred by rejecting this argument because she was asked whether there was an associate "out in front of you *or in that area*."

Benedetti also claims for the first time on appeal that a Wal-Mart employee was in proximity to the water on the floor. Even when counseled, Benedetti did not raise this point in her response to Wal-Mart's motion for summary judgment. So, again, she forfeited the argument on appeal. *See Noriss*, 869 F.3d at 373 n.10; *Brown*, 84 F.3d at 142.

On the conspicuity factor, the district court found that, even when viewed in a light favorable to Benedetti, her evidence "indicates that the condition was not conspicuous." When considering a plaintiff who fell into a puddle "about the size of a small-or medium-sized pizza" in a well-trafficked area, the Texas Supreme Court held that "there was no evidence that the spill was conspicuous—it was not large and consisted of clear liquid on a light tile floor." *Reece*, 81 S.W.3d at 813, 816. Here, it is undisputed that the puddle

consisted of clear water on a light-colored tile. In her response to Wal-Mart's motion for summary judgment, to support her position that the puddle was conspicuous, Benedetti pointed to the testimony of Crystal Lassiter—the store manager—and the testimony of the maintenance associate. The district court found that Benedetti took Lassiter's testimony "out of context." Lassiter had testified that it was "evident" that there was a *leak* in the area where Benedetti fell. Benedetti used this statement to claim that Lassiter testified the *puddle* was evident. The district court concluded that Lassiter's testimony did not establish whether the puddle was conspicuous. Moreover, the district court found that the maintenance associate's testimony that only "like a little" water was on the ground, an amount smaller than a broomstick, did not show that the puddle was conspicuous.

On appeal, Benedetti notes that Lassiter testified that the size of the puddle was about a foot and a half wide. But this does not contradict the district court's finding or suggest that the water was conspicuous.

On the final factor, longevity, the district court found that Benedetti did "not direct the Court to any summary judgment evidence in support of her temporal proximity argument." The Texas Supreme Court has held that a plaintiff must offer proof that a dangerous condition existed for some length of time under a constructive notice theory. *Reece*, 81 S.W.3d at 815. Although Benedetti offered speculations about the time that it began raining—around 3:55 or 4:00 p.m.—and she claimed she was injured around 4:25 p.m., the district court held that such speculation was insufficient.

Balancing the factors of proximity, conspicuity, and longevity, the district court found that Benedetti failed to offer enough evidence to create a fact dispute on the question of Wal-Mart's constructive notice of the puddle. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (explaining that if "a nonmoving party has failed to make a sufficient showing on an essential

element of her case with respect to which she has the burden of proof" then "[t]he moving party is entitled to judgment as a matter of law" (quotations omitted)). In this we see no reversible error.

## B.

We turn to Benedetti's claim that the district court abused its discretion by denying her Rule 59(e) motion for reconsideration. Before the district court, Benedetti raised two arguments to support her motion: (1) because of her attorney's lack of diligence, she never had access to a video depicting Wal-Mart's "horrible negligence" that caused her fall; and (2) her attorney failed to depose an eyewitness to her injury. And, on appeal, Benedetti contends that her attorney may have been "in cahoots" with Wal-Mart. This court has said that "[a] court considering a Rule 59(e) motion requesting reconsideration may take into consideration an attorney's conduct in determining whether to reopen a case." *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). But "it has long been held, particularly in civil litigation, that the mistakes of counsel, who is the legal agent of the client, are chargeable to the client." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985).

The record appears to flatly contradict Benedetti's assertions about the video. The magistrate judge held a hearing and discussed the video on June 19, 2018. At the hearing, counsel for Wal-Mart confirmed that the correct video was produced on August 26, 2016. Benedetti's attorney confirmed that Wal-Mart produced the correct video, which recorded the spot where Benedetti was injured.

Moreover, it appears that Benedetti's counsel could have deposed the eyewitness. Indeed, Benedetti's brief states that she "asked [her] attorney to take her deposition repeatedly. He said he was saving her." If Benedetti's counsel mistakenly failed to depose the witness, that error is "chargeable to the client." *Pryor*, 769 F.2d at 288. We see no evidence in the record supporting

No. 18-50454

Benedetti's contention that her lawyer conspired with Wal-Mart. The district court did not abuse its discretion when denying Benedetti's motion for reconsideration.

### III.

Finally, we consider Benedetti's claim that the district court erred when it declined her request to appoint counsel to assist her. "There is no right to appointment of counsel in civil cases." *Delaughter v. Woodall*, 909 F.3d 130, 140 (5th Cir. 2018) (internal quotation marks omitted). But this court has said, at least in the context claims brought under 42 U.S.C. § 1983, that the district court has discretion to "appoint counsel if doing so would aid in the efficient and equitable disposition of the case." *Id.*; *accord Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). However, "appointment of counsel should be reserved for cases presenting exceptional circumstances." *Delaughter*, 909 F.3d at 141. Because Benedetti was counseled for the majority of the proceedings in the district court, including during the discovery phase, we find that this case does not present exceptional circumstances—even assuming that the district court may appoint counsel outside of the § 1983 context. Thus, the district court did not err when denying her motion to appoint counsel.

AFFIRMED.