# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40850

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2019

Lyle W. Cayce
Clerk

JULIE GLEASON; TOM GLEASON,

Plaintiffs - Appellants Cross-Appellees

v.

MARKEL AMERICAN INSURANCE COMPANY,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CV-163

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tom and Julie Gleason were the president and vice president, respectively, of Oregon Ice Cream, LLC. Tom Gleason also served as Oregon Ice Cream's CEO. Oregon Ice Cream had an insurance policy with Markel American Insurance Co. (MAIC), which included Directors & Officers liability coverage.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40850

The Gleasons eventually sold their equity interests in Oregon Ice Cream to OIC Holdings, LLC. After the sale, alleging that the Gleasons had misrepresented Oregon Ice Cream's financial condition and committed other misconduct, OIC Holdings sued the Gleasons in Texas court. The Gleasons submitted a claim to MAIC, which concluded that Oregon Ice Cream's liability policy did not require it to defend the Gleasons in the OIC Holdings lawsuit.

The Gleasons sued MAIC in state court for allegedly breaching its duties to defend and indemnify them in the OIC Holdings lawsuit, and MAIC removed to the Eastern District of Texas. MAIC moved for summary judgment, arguing that the Gleasons' claim was barred by a policy exclusion encompassing "any **Claim** made against any **Insured** . . . . based upon, arising out of or in any way involving . . . the actual, alleged, or attempted purchase or sale, or offer or solicitation of an offer to purchase or sell, any debt or equity securities." In response, the Gleasons argued that the OIC lawsuit fell under an exception to the exclusion for "any **Claim** . . . based upon, arising, out of, or in any way involving the purchase or sale, or offer or solicitation of an offer to purchase or sell, any debt or equity securities in a private placement transaction exempt from registration under the Securities Act of 1933, as amended." They primarily argued that the transaction at issue in the OIC lawsuit was exempt from registration under section 4(a)(2) of the Securities Act of 1933, which exempts "transactions by an issuer not involving any public offering."[1] The Gleasons also briefly argued that if the transaction was not exempt under section 4(a)(2), it was exempt as a "transaction[ ] by any person other than an issuer, underwriter, or dealer."[2] They did not, however, cite any relevant case

---

[1] *See* 15 U.S.C. § 77d(a)(2).
[2] *See id.* § 77d(a)(1).

law or other authority to support their argument that the transaction fell under section 4(a)(1).

The district court granted MAIC's motion for summary judgment, concluding that the OIC lawsuit fell under the policy exclusion and that the underlying transaction was not exempt from registration under section 4(a)(2) because the Gleasons were not "issuers." The Gleasons moved for reconsideration, arguing more forcefully that if they were not issuers, then the transaction was a private placement transaction exempt from registration under section 4(a)(1). The district court denied the motion, observing that in the Gleasons' summary judgment opposition they "never explicitly cited 15 U.S.C. § 77d(a)(1) as the provision [they] relied upon, never referenced this as Section 4(a)(1), never cited any case law, and did not provide a definition of 'underwriter' or 'dealer'" in their opposition to summary judgment.

We review a district court's grant of summary judgment de novo and its refusal to consider new arguments on a motion for reconsideration for abuse of discretion.[3] We have carefully reviewed the briefs, relevant portions of the record, and applicable law, and have heard oral argument. We agree with the district court that the Gleasons failed to adequately raise their section 4(a)(1) argument in their initial opposition to MAIC's summary judgment motion.[4] While the Gleasons now argue that section 4(a)(1)'s applicability is so obvious that the district court committed a clear error of law or manifest injustice, their

---

[3] *See, e.g.*, *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (observing that when the district court refuses to consider new materials attached to a motion for reconsideration, that decision is reviewed for abuse of discretion); *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (affirming denial of a motion for reconsideration as within the district court's discretion when the motion impermissibly asserted new arguments not raised previously).

[4] *See, e.g.*, *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (noting that in the related context of preserving an argument for appeal, a party "must press and not merely intimate [an] argument during the proceedings before the district court").

No. 18-40850

able lawyers went in a different direction when opposing summary judgment. The district court did not abuse its discretion in denying the Gleasons' motion for reconsideration.[5]

The district court's reasoning was sound, and we affirm its judgment. We need not reach the issue raised by MAIC's cross-appeal.

---

[5] *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (explaining that reconsideration "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence," and is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" (alterations omitted)).