# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2021

Lyle W. Cayce
Clerk

No. 20-30529
Summary Calendar

Gertrude Savoy,

*Plaintiff—Appellant*,

*versus*

Kroger Company; Larissa Perez,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:17-CV-897

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Gertrude Savoy appeals the district court's summary judgment dismissing her negligence claims against Kroger Company and its former employee Larissa Perez (collectively, "Defendants"), as well as the court's subsequent denial of her motion for reconsideration. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30529

**I**

While checking out at a Kroger in Lakes Charles, Louisiana, on March 3, 2016, Savoy lifted a grocery bag containing two 59-ounce containers of iced tea (nearly a gallon altogether) to move it from the bagging carousel to her shopping basket. The bag split, dropping its contents on Savoy's foot and allegedly causing her a painful nerve condition, Reflex Sympathetic Dystrophy. Litigation ensued: Savoy brought negligence claims in Louisiana state court against Kroger and Perez, the cashier who had bagged her iced tea, as well as product-liability claims against the bag's manufacturer, Inteplast Group Corporation. Defendants removed to federal court, invoking diversity jurisdiction.

The district court ruled on an initial round of four summary judgment motions brought by Kroger, Inteplast, and Savoy on January 7, 2020. The court first granted summary judgment to Inteplast and dismissed it from the case, holding that Savoy had failed to show a dispute whether the failed bag's design, construction, composition, or lack of adequate warnings made it unreasonably dangerous. The court denied Kroger's motion for summary judgment on Savoy's negligence claims, however. It found that Kroger had negated Savoy's allegation that her bag was overloaded: Kroger provided bags which it had first tested for their ability to hold much more weight than that of Savoy's iced tea, even if "jogged" up and down several times. Still, Kroger had not shown the absence of a dispute as to negligence in "some other aspect of the bagging process," which Kroger's motion had not addressed. Finally, the court denied Kroger and Savoy's competing motions on the issue of medical causation.

After these denials of summary judgment, the case was set to proceed to trial on January 27, 2020, a date first scheduled by a conference on July 16, 2019, and confirmed at a pretrial conference on January 10, 2020. On January

14, though, Savoy terminated by letter her counsel's representation in the case.[1] At a conference on January 17, the district court granted Savoy's attorney's motion to withdraw and instructed Savoy on proceeding *pro se*. At a pre-trial conference on January 23, the district court granted Savoy's motion for a continuance of the trial until August 24 and gave Defendants leave to file additional dispositive motions.

Kroger and Perez then moved for summary judgment again, arguing that Savoy had failed to show a genuine dispute whether Defendants had breached any duty to her. Savoy acknowledged receipt of this motion in a letter to the court, but otherwise never responded to it. On July 7, the district court granted summary judgment. The court's opinion noted Defendants' evidence that Kroger had implemented guidelines for bagging groceries and that Perez had observed these while loading Savoy's bag. Because Savoy failed to dispute this evidence or present any contrary evidence, the district court granted summary judgment on Savoy's negligence claims. Savoy then moved for reconsideration, for the first time presenting a witness affidavit and a brief expert report in her favor. The district court denied this motion, and Savoy appealed.

## II

We review summary judgment *de novo*, construing all facts and inferences in favor of the nonmoving party. *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[W]here the nonmovant bears the burden of proof

---

[1] Correspondence which Savoy submitted to the district court indicates she had refused communication with her attorney for several prior weeks prior to this letter.

at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Louisiana Crawfish Producers*, 852 F.3d at 462.

Savoy failed to respond to Perez and Kroger's second motion for summary judgment, and she therefore did not point to any evidence creating a triable issue. On appeal, Savoy argues that the district court nevertheless erred by relying on a conclusory "sham affidavit" offered by Larissa Perez. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). Perez attested that Kroger had previously trained her on how to bag groceries and that she bagged Savoy's iced tea in compliance with Kroger's guidelines, without "stretching, elongating, manipulating or tearing the bag." The district court relied on this affidavit in its summary judgment ruling, but Savoy claims it is contradicted by Perez's testimony at a 2019 deposition.

Savoy fails to show that this affidavit was a sham. She points only to Perez's testimony that she remembered receiving training but could not at that time recall specifics. Such statements do not impeach Perez's affidavit: in fact, Perez stated at her deposition that Kroger did train her and had her shadow another cashier for a few shifts before working a register on her own. The deposition excerpt which comes nearest to impeaching Perez's affidavit is her failure to remember any Kroger policy concerning double bagging. But that failure to recall (over three years later) is not evidence of negligence, and in any case, Savoy has not appealed the district court's ruling that the split bag was not overloaded. "[T]he sham affidavit doctrine is inappropriate where an affidavit supplements, rather than contradicts an earlier statement." *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 473 (5th Cir. 2019) (quotation marks omitted). Because Savoy has not exposed Perez's affidavit as a sham, the district court properly granted summary judgment.

### III

The district court also denied Savoy's motion for reconsideration of its summary judgment order, which denial we review for abuse of discretion. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 428 (5th Cir. 2014), *as revised* (Sept. 2, 2014). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but rather serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted).

The district court's denial of Savoy's motion was within its discretion. The motion enclosed new evidence—a two-page expert report and an eyewitness affidavit from Savoy's niece—but these submissions could not support reconsideration of summary judgment because they are not evidence which "could not have been discovered earlier by proper diligence." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003). Otherwise, the motion raised no new arguments or evidence that Kroger or Perez acted negligently. Furthermore, while Savoy argues that she was victimized by lack of representation while the summary judgment motion was pending, the record shows that she willingly terminated her prior counsel; that the district court instructed her on her responsibilities as a *pro se* party; that she participated in a pre-trial conference and moved for a continuance on her own; and that she was aware of Kroger and Perez's summary judgment motion but nevertheless filed no memorandum or request for extension of time in response.

AFFIRMED.