# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2023

Lyle W. Cayce
Clerk

No. 22-60408

_____

Lavonda Hart

*Plaintiff—Appellant*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-713

_____

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Lavonda Hart, a black woman, brought a Title VII failure-to-promote suit against her employer, the Mississippi Department of Rehabilitation Services (the "Department"), after it appointed one of her colleagues, a white male, to a newly created position. The district court granted summary judgment for the Department because Hart failed to demonstrate a *prima*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60408

*facie* case of racial discrimination and, alternatively, because she failed to produce evidence supporting a finding that the Department's nondiscriminatory reasons for promoting another candidate were pretextual. We affirm.

## I.

Hart has worked at the Department for thirty-five years, holding several positions and receiving promotions multiple times. Most recently, she was appointed to her current job as Director of Vocational Rehabilitation, a noncompetitive position that was not advertised for hiring. In 2019, the Department created the new role of Director of Workforce Programs and appointed Ken Bishop, a white man. At the time of his appointment, Bishop had nearly thirty years of experience and numerous promotions to managerial roles. The Department appointed Bishop because he was qualified and would bring "a fresh vision to the workforce programs."

The Director of Workforce Programs position is a "nonstate service" position, as defined by § 25-9-107 of the Mississippi Code, and not subject to Mississippi State Personnel Board's advertising requirements. As such, state law authorizes the agency's Executive Director to appoint the position without advertising the job opening. *See* Miss. Code Ann. § 25-9-107(c)(xvi). As a result, Hart did not know about or apply for the new position.

Following Bishop's appointment, Hart filed a charge with the EEOC, claiming race and sex discrimination. In September 2020, the EEOC issued her a right-to-sue notice. About a month later, two other Department employees sued the Department under Title VII and Section 1981 and added Hart's claims in an amended complaint. The district court dismissed several

claims in the complaint and eventually severed Hart's claims under Title VII and Section 1981 from her co-plaintiff's claims.[1]

After discovery, the Department moved for summary judgment against Hart. In response, Hart abandoned her Section 1981 claims. The district court subsequently granted summary judgment dismissing Hart's remaining Title VII claims.

## II.

We review a grant of summary judgment *de novo*, using the same standards as the district court. *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017); *see* Fed. R. Civ. P. 56(a).

## III.

Title VII failure-to-promote claims are evaluated under the *McDonnell Douglas* burden-shifting framework. *See Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316–17 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). A plaintiff first must demonstrate a *prima facie* case by offering evidence that she (1) "is the member of a protected class"; (2) "sought and was qualified for the position"; (3) "was rejected"; and (4) was passed over by the employer so it could promote, hire, or continue to seek a person in a non-protected class. *Id.* at 317. If the plaintiff makes a *prima facie* case, the defendant must offer a legitimate nondiscriminatory reason for promoting the non-protected employee. *Ibid.* If the defendant does so, the plaintiff must then "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley v. Luke & Assocs. Inc.*, 840 F.3d 212, 216 (5th Cir.

---

[1] Panels of our court have since affirmed summary judgments against Hart's (now-severed) co-plaintiffs in unpublished decisions. *See Gray v. Miss. Dep't of Rehab. Servs.*, No. 22-60411, 2023 WL 119636 (5th Cir. Jan. 6, 2023); *Gathings v. Miss. Dep't of Rehab. Servs.*, No. 22-60405, 2023 WL 2327460 (5th Cir. Mar. 2, 2023); *Laury v. Miss. Dep't of Rehab. Servs.*, 2023 WL 3073267 (5th Cir. Apr. 25, 2023).

2016). Here, the Department wins on either the first or third part of the test, each of which is sufficient to affirm the district court's ruling.

First, Hart failed to demonstrate a *prima facie* case of discrimination. Plaintiffs must usually show they applied for the position in question, but not always. *See Johnson v. Louisiana*, 351 F.3d 616, 622 (5th Cir. 2003). "For instance, an employee does not need to apply to establish a *prima facie* case when the position was not publicized. Instead, the employee must show that the company had a duty or reason to consider her for the position." *Ibid.* Here, it is undisputed that the Director of Workforce Programs position was not advertised. So, Hart need only show that the Department had a reason or duty to consider her for that role.

Our recent decision in *Gathings* shows why Hart cannot do so.[2] One of Hart's co-workers, Gathings, alleged that the Department discriminated against her by not appointing her as its Director of Client Services, another unadvertised position. *Gathings v. Miss. Dep't of Rehab. Servs.*, No. 22-60405, 2023 WL 2327460, at *1 (5th Cir. Mar. 2, 2023). Similar to Hart in this case, Gathings argued that "the Department concealed the job opening from her by failing to advertise the job, that she was exceptionally well qualified for the role, and that, regardless, she could not have communicated interest in a position she did not know was available at the time." *Id.* at *2. We disagreed, explaining that "the Department's failure to seek candidates for an appointed, policymaking, non-competitive, non-civil service position is not a reason it had to consider [Gathings] as a candidate." *Ibid.* So, the evidence that Gathings was not considered for the position "alone does not suggest any form of racial discrimination." *Ibid.*

---

[2] *Gathings* is unpublished and so nonprecedential. *See* 5TH CIR. R. 47.5. But it is similar to this case (indeed Hart's claims were once part of the complaint in *Gathings*), so it provides helpful guidance.

No. 22-60408

So too here. Like *Gathings*, Hart points only to evidence that she was not considered for an appointed governmental position. That evidence alone does not satisfy Hart's burden to show that the company had a duty or reason to consider her for the position. *See Johnson*, 351 F.3d at 622; *Gathings*, 2023 WL 2327460 at *2. Accordingly, Hart has not made a *prima facie* case.

But even had Hart done so, she also fails to satisfy the third part of the *McDonnell Douglas* test. That requires Hart to produce substantial evidence that the Department's proffered nondiscriminatory reason for promoting Bishop is pretextual. *Outley*, 840 F.3d at 216. But Hart produced no evidence at all on that point. Instead, she argues only that the district court erred by placing on her the burden to show pretext at the summary judgment stage. That argument, however, is "clearly foreclosed by both Supreme Court and circuit precedent." *Laury v. Miss. Dep't of Rehab. Servs.*, No. 22-60407, 2023 WL 3073267, at *2 (5th Cir. Apr. 25, 2023) (citing *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007); *Gray Miss. Dep't of Rehab. Servs.*, No. 22-60411, 2023 WL 119636, at *2 (5th Cir. Jan. 6, 2023)).

AFFIRMED.